**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ROBERTO TOMAS PEDRO,
Petitioner,
v.
MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 26-cv-06365-BAS-JAC

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Roberto Tomas Pedro filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming: (1) his earlier bond hearings were constitutionally inadequate because they relied on extinguished convictions, and (2) his detention has been arbitrarily and unreasonably prolonged. (ECF No. 1.) Petitioner requests immediate release or a constitutionally adequate bond hearing. (*Id.*) The Government responds that Petitioner received two bond hearings and that he has failed to exhaust his administrative remedies. (ECF No. 4.) Petitioner replies. (ECF No. 5.) For the reasons stated below, the Court **GRANTS IN PART** the Petition and orders a bond hearing before an Immigration Judge where Petitioner is able to present his newly obtained certified copies of judicial records.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ

is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Guatemala, has lived in the United States nearly twenty years. (ECF No. 1, ¶ 1.) He entered as an unaccompanied minor at the age of 14 years. (*Id.*) He is now married to a DACA recipient. (*Id.*)

The Government's records show Petitioner has three arrests with "disposition unknown": 3/7/08—fraud-impersonating, 6/24/08—contempt of court, and 6/16/17—failure to appear. (ECF No. 4, Ex. 1.) However, Petitioner asserts that these arrests were vacated, set aside, and dismissed on August 31, 2017. (ECF No. 1, ¶¶ 3, 22.) The Government's records also reflect an arrest for driving without a license and fraud-impersonation with a "disposition pending." (ECF No. 4, Ex. 1.) However, Petitioner says this charge was dismissed. (ECF No. 1, ¶ 23.)

On December 17, 2025, Immigration and Customs Enforcement arrested Petitioner during a traffic stop. (*Id.* ¶¶ 2, 18.) On May 28, 2026, an Immigration Judge ordered Petitioner removed. (*Id.*) He filed an appeal from that ruling on June 26, 2026, and that appeal remains pending. (*Id.* ¶ 19.)

On May 7, 2026, an Immigration Judge held a bond hearing and denied bond, finding Petitioner was a danger to the community. (ECF No. 4, Ex. 2.) On August 31, 2026, an Immigration Judge held a second bond hearing and found Petitioner was a flight risk. (*Id.*, Ex. 3.) Both rulings relied on the arrests that Petitioner claims were dismissed. According to Petitioner, newly produced and certified judicial records establish that the convictions relied on by the Immigration Judges were vacated, set aside, and dismissed over nine years ago. (ECF No. 1, ¶¶ 3, 22, 23.) Thus, Petitioner filed a motion for bond reconsideration

before the Immigration Court on November 4, 2026. However, he has received no relief. (*Id.* ¶ 24.)

## III. ANALYSIS

### A. Changed Circumstances and Exhaustion

After an initial bond determination, an individual held in immigration custody under 8 U.S.C. § 1226(a) is entitled to a bond redetermination if the individual's circumstances have changed materially since the prior bond determination. 8 C.F.R. § 1003.19. Petitioner shows materially changed circumstances here: he now allegedly has certified copies of judicial records showing that the criminal arrests and convictions relied on by the Immigration Judges in denying bond were actually dismissed or vacated.

The Government argues Petitioner should be required to exhaust his administrative remedies by filing a motion for bond reconsideration with the Immigration Court. "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if a petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

In this case, Petitioner claims he filed a Motion for a Bond Reconsideration before the Immigration Court almost three weeks ago but has received no response. (ECF No. 1,

¶ 24.) He was only able to get the newly produced, certified judicial records showing his convictions were dismissed after his earlier bond hearings were held. (*Id.* ¶ 3.) Therefore, given the circumstances of this case, the Court is satisfied that Petitioner's attempts to get this newly discovered evidence before the Immigration court have been a "futile gesture" and further administrative exhaustion should be waived.

**B. Prolonged Detention**

The Court agrees that at some point, immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

However, since Petitioner received earlier bond determinations and since this Court is ordering another bond hearing to determine whether materially changed circumstances warrant bond, Petitioner has not been detained for a prolonged period of time without a bond hearing. *See, e.g.*, *Rodriguez-Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) (holding a new bond hearing is not required when a petitioner's detention has been for a prolonged period of time, in part because petitioner is entitled to a new bond hearing under § 1226(a) when his circumstances materially change).

//

//

//

//

//

//

//

//

//

## IV. CONCLUSION

Petitioner adequately alleges that his circumstances have materially changed since his earlier bond determination. His request to have an Immigration Judge reconsider Petitioner's bond determination in light of these changed circumstances has been met with silence. Accordingly, the Court **GRANTS IN PART** the Petition (ECF No. 1) and issues the following writ:

> The Court **ORDERS** a bond redetermination before an Immigration Judge for Roberto Tomas Pedro (A#240-393-223) within 14 days of the date of this Order.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: November 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**